**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHRISTOPHER STRODE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-485-SEB-DKL |
| | ) | IP06-cr-82-B/F-02 |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Christopher Strode ("Strode") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

*Background*

On May 24, 2006, Strode was indicted in IP06-cr-82-B/F-02 on two counts of conspiring to possess with intent to distribute marijuana in violation of 18 U.S.C. §§ 841(a)(1) and 846 (counts 2 and 3), one count of manufacturing with intent to distribute marijuana plants in violation of 18 U.S.C. § 841(a)(1) (count 4), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count 5), two counts of engaging in financial transactions with proceeds of drug trafficking in violation of 18 U.S.C. § 1956(a)(1)(A)(I) (money laundering) (counts 6 and 7), and one count of engaging in a monetary transaction exceeding $10,000 from the sale of property purchased with drug proceeds, in violation of 18 U.S.C. § 1957 (count 8).

On May 24, 2007, Strode filed a petition to enter a plea of guilty. On June 19, 2007, the court granted Strode's motion to withdraw the petition and he proceeded to trial.

At trial, Strode was represented by counsel. The jury convicted Strode of counts 2, 3, 4, 7, and 8 and acquitted him on counts 5 and 6. Strode was sentenced to 192 months of imprisonment followed by five years of supervised release. Judgment was entered on February 25, 2008. With defense counsel, Strode appealed his conviction. *United States v. Strode*, 552 F.3d 630 (7th Cir. 2009). The

Seventh Circuit affirmed the conviction and sentence on January 14, 2009. *Id.* at 636.

On January 6, 2010, Strode filed a petition for recall of mandate so that he could file a petition for writ of *certiorari* after his attorney failed to file one on Strode's earlier request. The Seventh Circuit granted the motion for recall of mandate and reissued the judgment as of January 11, 2010, giving Strode 90 days to file any petition for writ of *certiorari.* Strode did not, however, file a petition for writ of *certiorari.* Strode filed his 2255 motion on April 8, 2011, and it was signed on April 5, 2011 (mistakenly written April 5, 2010 on the motion).

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).

*Statute of Limitations*

The government first argues that Strode's 2255 motion was not timely filed, based on its position that Strode should not be given the benefit of the Seventh Circuit's recall of mandate, giving him additional time to file his petition for writ of *certiorari*. Based on the reissued decision date of January 11, 2010, a petition for writ of *certiorari* could have been filed on or before Monday April 12, 2010. Because no petition was filed, the government urges the court to, in essence, ignore the recalled mandate for purposes of determining when the one-year statute of limitations period for § 2255 motions expired. The court finds no basis on which to do so. The one year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final when the conviction is affirmed on direct review and the time for filing a *certiorari* petition expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). Because Strode did file an appeal and the Seventh Circuit recalled the mandate, the deadline to file a petition for *certiorari* was extended, which also extended the time within which a 2255 motion could be filed. Under these circumstances, the deadline to file a 2255 motion was April 12, 2011. Strode's motion was placed in the prison mailing system on April 5, 2011, and was filed April 8, 2011, and, therefore, it was timely filed.

*Ineffective Assistance of Counsel*

In his § 2255 motion, Strode asserts that he was denied effective assistance of counsel. The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (*per curiam*) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Strode to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689).

With respect to the prejudice requirement, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

A court Aneed not consider the first prong of the *Strickland* test if [it] find[s] that counsel=s alleged deficiency did not prejudice the defendant.@ *Berkey v. United States,* 318 F. 3d 768, 772 (7th Cir. 2003). AIf it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.@ *Strickland*, 466 U.S. at 697. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

Strode asserts that defense counsel's representation at trial was ineffective when he: (1) conceded Strode's guilt at trial, (2) failed to advise Strode of a 10 year plea agreement, and (3) had a conflict of interest during trial.

*Concessions at Trial*

Strode's first claim is that his counsel was ineffective when he argued before the jury that Strode admitted to having been involved in the drug conspiracy but denied a charge of possession of a firearm. Strode contends that counsel did not have his consent to concede to the conspiracy charges.

Strode cites to various portions of his attorney's closing argument at trial. At closing, counsel argued that "[a]t most, it's a conspiracy of one conspiracy, not two." Trial Transcript at p. 822. "There was one conspiracy here, if any." *Id.* at 823. "My suggestion to you is the Government has only offered evidence of one, and they involve all those people and maybe Mr. Strode but not Mr. Strode at the level of 4,400 pounds, not even at the level of 200 pounds." *Id.* at 832. "I told you when we started this that he would accept responsibility for the things he's responsible for and deny the things that he's not." *Id.* at 833. "For purposes of this jury, he denies that he possessed a gun in furtherance of any illegal conduct by any. In fact, the evidence you've heard from at least one witness was he never had a gun." *Id.* at 833.

As recited by the Seventh Circuit on direct appeal, there was evidence that "Strode operated a large-scale marijuana distribution ring in Indianapolis, Indiana, from 2002 until November 2004." *Strode,* 552 F.3d at 631. Several witnesses testified to the many trips back and forth to Phoenix and the large amounts of marijuana and cash involved, and there were corroborating hotel, airlines and car rental records. *Id.* In the face of this evidence, Strode cannot show that his attorney's closing argument erroneously caused the jury to find him guilty of the conspiracy charges. To do so would be to expect the jury to find that Strode was not involved at all with the marijuana distribution ring, something no reasonable attorney would assert given the government's strong case against Strode. Strode's attorney testified in his affidavit that the "main goal" was "winning an acquittal on the weapons' charge and on the criminal tax evasion count as well as a denial that any two conspiracies were proven by the Government." Strode was acquitted on count five concerning a firearm found at the house where Strode had been growing marijuana. He was also acquitted on count 6, one of the money laundering counts. Any tactical strategy on the part of Strode's attorney to focus on the counts that were not supported by overwhelming evidence did not constitute ineffective representation.

*10 Year Plea Agreement*

Strode next contends that his attorney was ineffective when he failed to advise Strode of a proposed 10 year plea agreement. There is no evidence, however, that there was ever any such agreement offered. Strode's attorney asserts in his affidavit that he was never presented with a 10 year plea offer. Strode has offered no evidence to the contrary. Strode's allegation that his sentencing attorney told Strode's wife that there had been another offer is unsupported hearsay. The record does not reflect the existence of any other plea offer more lenient than the one ultimately rejected by Strode. Accordingly, this claim is factually and legally meritless.

*Conflict of Interest*

Strode's conflict of interest claim is based on the fact that his attorney had previously represented a cooperating government witness, a co-defendant, in a separate proceeding. His attorney states in his sworn affidavit that he advised Strode of that circumstance and Strode did not object at the time. Strode states in his affidavit that he "did not acquiesce to my trial attorney going forward with representing me in spite of the obvious conflict of interest that he labored under having represented my co-defendant." This assertion is somewhat suspect given Strode's description of this claim in his 2255 motion as "[t]rial counsel had earlier defended Petitioner's co-defendant, and without a hearing to determine whether it was okay for Petitioner to waive any conflict, Petitioner's constitutional rights hang in the balance." Strode thereby admits to having waived any conflict.

Even if there were a factual dispute as to whether Strode waived any possible conflict, to demonstrate an ineffective assistance of counsel claim premised on a conflict of interest Strode must show either an actual conflict of interest that adversely affected counsel's performance or a potential conflict of interest that prejudiced his defense. *Stoia v. United States*, 109 F.3d 392, 395 (7th Cir. 1997). An actual conflict of interest exists "if the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests." *Id.* If no actual conflict is shown, a potential conflict must be supported under the *Strickland* standard, which requires Strode to prove that deficiencies in his attorney's performance prejudiced him in that "the decision reached would reasonably likely have been different absent the errors." *Strickland*, 466 U.S. at 696.

Strode has not identified any actual conflict. In addition, he has not shown that the result would have been different had his attorney not previously represented a co-defendant. Indeed, Strode has not disputed his attorney's affidavit stating that the co-defendant testified to facts relating to the counts on which Strode was found not guilty. No prejudice has been shown, and therefore counsel was not ineffective in this regard.

*Conclusion*

The foregoing circumstances show that Strode is not entitled to relief pursuant to 28 U.S.C. ' 2255. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. IP06-cr-082-B/F-2.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Strode has failed to show that reasonable jurists would find this court's Aassessment of the constitutional claims debatable or wrong.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/26/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Strode
08274-028
Federal Correctional Institution Elkton
P.O. Box 10
Lisbon, OH 44432

Gerald A. Coraz
Office of the United States Attorney
Gerald.coraz@usdoj.gov

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.